# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRIAN LANCE ABRAMSON, <br><br> Plaintiff, <br><br> vs. <br><br> SALT LAKE CITY POLICE DEPARTMENT et al, <br><br> Defendants. | Case No. 2:10 cv 0410 CW <br><br> **REPORT AND RECOMMENDATION** <br><br> Judge Clark Waddoups <br><br> Magistrate Judge Brooke C. Wells |

This matter was referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(B) by Judge Clark Waddoups.[1] On May 20, 2010, Plaintiff Brian Abramson who is proceeding pro se, filed a civil rights complaint against a number of Defendants including, *inter alia*, the Salt Lake City Police Department, the Salt Lake County Sheriff's Department, the University of Utah, Rockland County New York, San Diego City, Mesa College, the Fourth Street Clinic, The Road Home Shelter and a number of individuals. Before the court are two motions filed by Plaintiff, a motion to appoint counsel[2] and a motion for service of process.[3] As outlined below, the court recommends this case be dismissed for failure to state a claim upon which relief may be granted. Therefore, the remaining motions filed by Plaintiff should be denied or deemed moot.

---

[1] Docket no. 11.
[2] Docket no. 5.
[3] Docket no. 6.

Previously, the court granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[4] Because Mr. Abramson was granted permission to proceed *in forma pauperis*, the provisions of the *in forma pauperis* statue, 28 U.S.C. § 1915, are applicable. Under § 1915 the court shall at any time, *sua sponte*, dismiss the case if the court determines that a complaint is frivolous or fails to state a claim upon which relief may be granted.[5] Generally the court will not dismiss a complaint for failure to state a claim "'unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[6] In construing Mr. Abramson's Complaint, the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[7]

Mr. Abramson is proceeding pro se, so the court construes his pleadings liberally and holds his submissions to a less stringent standard than that for formal pleadings drafted by lawyers.[8] "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[9] But, it is not the court's responsibility to assume the

---

[4] Docket no. 2.
[5] *See* 28 U.S.C. § 1915(e)(2).
[6] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957)).
[7] *Id.*
[8] *See id.*
[9] *Id.*

role of advocate for Mr. Abramson.[10] The broad reading of Mr. Abramson's Complaint does not relieve him of the burden of "alleging sufficient facts on which a recognized legal claim could be based.[11] And finally, often a pro se litigant is given an opportunity to remedy the defects in their pleadings,[12] but such an opportunity is unnecessary "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[13]

With these principles in mind the court now turns to Mr. Abramson's Complaint. Mr. Abramson alleges a "loss of all wages definate [sic] before entering and in the state of Utah."[14] He notes the following background:

> Willful and rational leave from Rockland County New York in 2004 to seek career. No collegiate discovery to compensate career (or new career choice). Medical diagnosis of devised objects not relevant to the foot with injury and possible cause to policingly or doctorately follow. Irrational police searches and uncoincidental contacts. Inability to obtain surgeon from Salt Lake . . .
>
> Jay Cohen – never able to leave employment type with amounts desired, business owning person
>
> Tyrus Raymond – unable to leave exact landlord or employment structures due to desires or the will of . . .
>
> Rockland County N.Y. – unable to recover status as business owner and semi pro to pro athlete[.] Patternic [sic] and false doctoring related to indenturnment case and definate [sic] structure to partially or permanently enslave higher skills recorded amounts to IRS

---

[10] *See id.*
[11] *Id.*
[12] *See e.g., Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Jaxon v. Circle K Corp.,* 773 F.2d 1138, 1140 (10th Cir. 1985).
[13] *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir. 1991).
[14] Complaint p. 4.

> and successful complete moves from Rockland County
>
> The number of sheltering locations since college. The Letters from Doctor Ronald Worley and University of Utah Hospital – Strength of diagnosis to pain level and source. X rays from imaging health care. The existence of Final touch Drywall as a registered business in NY before 2004. The evaluation of Athletic Director James Spillers at Grossment College. The Empire Football League, undisputed fitness center, photographic evidence of chemical interruption and . . .[15]

Based on the court's broad reading of the Complaint, it appears Mr. Abramson is noting a number of circumstances in his life that have allegedly caused a loss of wages. According to Mr. Abramson, these events occurred before moving to the state of Utah and have continued after arriving in this state. Mr. Abramson's Complaint, however, fails to allege sufficient facts on which a recognized legal claim could be based.[16] While it appears that Mr. Abramson has had problems in his life that perhaps arose from his associations with others, there is nothing before the court upon which to base a legal claim. Because Plaintiff fails to meet this minimal threshold the court recommends his Complaint be dismissed for failure to state a claim upon which relief may be granted. Further, based upon the materials before it, the court finds that allowing Mr. Abramson an opportunity to amend his Complaint would be futile.[17]

Finally, in response to the question as to whether or not Mr. Abramson has "filed other lawsuits in state or federal court that deal with the same facts that are involved in this action,"[18] Mr. Abramson answered yes. According to Mr. Abramson, the prior case involving the same

---

[15] *Id.* p. 3-4.
[16] *See* Hall, 935 F.2d at 1110.
[17] *See* McKinney, 925 F.2d at 365.
[18] Complaint p. 5.

4

facts in this case was dismissed because "it could have at that time been settled in state court."[19] Thus, it appears that much of this case has already been dismissed previously. Contrary to Mr. Abramson's assertion set forth in his request for relief, a litigant may not continue with a case that appears to have been decided until the parties reappear. There is nothing in Mr. Abramson's "new evidence" that warrants service of his Complaint on Defendants.

Accordingly, the court recommends that Mr. Abramson's Complaint be DISMISSED and the remaining motions should be denied or deemed moot.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within 14 days after being served with a copy.[20] Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 12th day of July, 2010.

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge

---

[19] *Id.* at p. 6.
[20] *See* Fed. R. Civ. P. 72(b)(2).